IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE MENDIVIL-BERRELLEZA, | ) | CASE NO. 4:26-cv-00490-DAR |
| Petitioner, | ) | |
| vs. | ) | JUDGE DAVID A. RUIZ |
| IAN M. HEALY, | ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule. 72.2. Before the Court is the Petition of Jose Mendivil-Berrelleza ("Mendivil-Berrelleza" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Currently pending is Respondent's Return of Writ/Motion to Dismiss as Moot. (Doc. No. 5.)

For the following reasons, the undersigned recommends the Motion to Dismiss (Doc. No. 5) be GRANTED and the Petition be DISMISSED.

## I. Background

On February 26, 2026, the Court received Petitioner's Petition for Writ of Habeas Corpus. (Doc. No. 1.) Petitioner "contends that the BOP [Bureau of Prisons] violated his constitutional right to due process of law when it failed to apply his FSA [First Step Act] federal time credits to his sentence and placing movant in prison for an additional term of one (1) year than the law intends or directs." (*Id*. at 5.) Petitioner states that "under the FSA, eligible prisoners may earn" time credits for every thirty days of qualified programs and activities they complete while serving the custodial component of their sentences. (*Id*. at 7.) Petitioner contends he is earning fifteen days per month of federal time credits and has earned 365 days of federal time

credits to apply toward his release; making his release date one year earlier than projected. (*Id*. at 8.) Petitioner argues the BOP is not applying the federal time credits to his sentence "based on an ICE [Immigration and Customs Enforcement] detainer that the BOP is construing as a final order of deportation." (*Id*.) Petitioner contends he does not have a final order of removal, and the "BOP is wrong in denying movant's ability to apply his time credits under FSA." (*Id*. at 13.)

On June 24, 2026, Respondent filed Return of Writ/Motion to Dismiss as Moot. (Doc. No. 5.) Respondent requests the Petition be dismissed as moot because Petitioner has since received the First Step Act ("FSA") credits toward early release from prison as requested in the Petition. (*Id*. at 1.) Respondent agrees that Petitioner does not currently have an ICE final order of removal. (*Id*. at 2.) Thus, Respondent awarded Petitioner the maximum 365 days of time credits toward early release. (*Id*.) Petitioner's projected release date is now February 23, 2027. (*Id*.) Respondent included a Declaration of an attorney employed by the BOP as well as public inmate data showing Petitioner's updated projected release date as February 23, 2027. (Id., Ex.1, 1A, 1B, 1C.) Respondent argues that because Respondent awarded Petitioner the relief he sought in the Petition, the Petition is now moot and should be dismissed for lack of jurisdiction. (*Id*. at 4.)

Petitioner did not file a response.

## II. Law and Analysis

This Court previously explained that a habeas petition is rendered moot and the court lacks jurisdiction when an event occurs that makes it impossible for a court to grant relief. *Luviano-Lopez v. Garza*, No. 4:23-CV-3, 2023 WL 6277875, at *1 (N.D. Ohio Aug. 23, 2023), *report and recommendation adopted,* No. 4:23 CV 3, 2023 WL 6258264 (N.D. Ohio Sept. 26, 2023), citing 28 U.S.C. §§ 2241(c)(3), 2254(a). The "case of controversies" requirement of Article III of the Constitution "provides that an actual controversy must exist not only at the time the complaint or petition is filed, but through all stages of the litigation." *Id*., citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013);

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990).

"Because the exercise of judicial power requires a live case or controversy, a case may become moot and fall outside the court's jurisdictional authority, if an event occurs that makes it impossible for a court to grant any relief to the prevailing party." *Id.*, citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992); *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). "When a case becomes moot under Article III, dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is appropriate." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017).

Here, Petitioner received the FSA time credits he sought in his Petition. (Doc. No. 5, Ex. 1, 1A.) There is no case or controversy. *Luviano-Lopez*, 2023 WL 6277875, at *1. Therefore, the Court lacks jurisdiction and the matter is moot under Article III. *Id*. Accordingly, the undersigned recommends Respondent's Motion to Dismiss (Doc. No. 5) be GRANTED and the Petition be DISMISSED.

## III. Conclusion

For the foregoing reasons, the undersigned recommends Respondent's Return of Writ/Motion to Dismiss (Doc. No. 5) be GRANTED and the Petition be DISMISSED.

IT IS SO ORDERED.

Date: September 28, 2026

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge